The Chief Justice delivered the opinion of the court.
This certiorari brings before us an order of the sessions of the *county of Warren, quashing an order of two [*212 justices of the peace for the removal of David Monroe and his wife and daughter, as paupers, from Independence to Pompton, and a case made by the sessions upon the determination of the appeal before them.
The counsel of Independence insisted in the sessions that David Monroe was settled by birth in the township of *266 Pompton, and to shew the place of his birth offered to prove by him, “ that he always understood that he was born at Ringwood in the township of Pompton, and especially that he always understood this from his parents who are now [at the time of the trial in the sessions] dead.” This evidence was objected to and overruled, and in this, it is said, the sessions erred.
The rule of evidence is thus stated by Starkie, in his recent and valuable treatise: “ Proof that a party was born in a particular parish is prima facie evidence of a settlement there. But it has been held that the declarations of deceased parents are not evidence as to the place of birth.” 3 Starkie 1319. The subject of hearsay evidence in settlement cases underwent great and thorough discussion in the case of Rex v. Friswell, 3 Term Rep. 707, and by that case the exclusion of such evidence as to matters not of mere pedigree has -been since considered as definitely settled. Such evidence was rejected in Rex v. Chadderton, 2 Fast 27, and'Lord Kenyon said, “The hearsay from the pauper’s mother is no evidence at all of any fact.” In Rex v. Ferry Frystone, 2 East, 53, evidence of the declaration of a pauper who was dead, and his examination in writing touching his place of settlement taken under oath before two justices, were both adjudged inadmissible.' In Rex v. Abergwilly, 2 East 63, a similar principle was decided. In Rex v. Erith, 8 East 539, the very question now before us was discussed in the King’s Bench. The court after time taken for consideration determined that the hearsay declaration of the father of a bastard child as to the place of his, the bastard’s birth, wms not competent evidence of that fact. The reasoning of Lord Ellenborough in delivering the opinion of the court on that occasion may stand in the stead of any further examination of the principle on our part. “ The only doubt,” he says, “which has been introduced into this case has arisen from improperly considering it as a question of pedigree. The controversy was not as in a case of pedi *267 gree, from what parents the child has derived its birth ; but in what place an undisputed birth derived from known and ^acknowledged parents has happened. The point [*213 thus stated turns on a single fact involving no question but of locality, and therefore not falling within the principle of or governed by the rules applicable to cases of pedigree; and is to be proved therefore as other facts generally are proved, according to the ordinary course of the common law; that is by evidence to which the objection of hearsay does not apply.”
The hearsay evidence in this case was properly rejected by the Court of Quarter Sessions.
The overseers of Independence then proved by David Monroe, that he recollected living _at Eingwood when he was so young that his mother used to lead him about by his hand, and that he remained at Eingwood until he was about ten years of age, when he began to drive a team of oxen and after that a team of mules; that after being thus employed about four years, he went into the state of New York.” No other evidence was given of the settlement, either of Monroe or of his parents. On the part of Independence it is insisted that here was sufficient evidence in point of fact, of the birth of the pauper in Pompton, and that the order of removal should therefore have been affirmed by the sessions. The question raised before us on this point by the counsel of Independence, is, that the sessions erred in matter of fact, not of law. Now it is a clear and well settled rule that this court on certiorari in settlement cases has no jurisdiction or control over the sessions in matters of fact or of the credibility of witnesses. The case in this instance made in the sessions is not properly stated. It should have set forth the fact of the place of birth, as found by the sessions, and not, as has been done, the mere evidence adduced to prove the fact. On this subject it is believed an inconvenient departure sometimes occurs from ancient and approved rule, and the occasion *268 affords a fit opportunity to state and explain the rule. A state of the cáse made in the sessions to be sent here for the revision of this court should contain the facts on which the question of law as to the place of settlement arises, and not the mere evidence of those facts; or in other words, not merely the facts from which other facts are to be inferred by that court; except where the question intended to be raised here is that evidence has been improperly received or rejected. The reason is plain. This court is not to examine and decide controverted questions of fact, but questions of law only upon facts found, established and cer*214] tified by * the sessions. To illustrate : The testimony of Monroe was said to be presumptive evidence of the place of his birth. The sessions should have stated not simply this presumptive evidence, but their conclusion or inference in point of fact from the evidence before them, whether the place of birth was or was not shewn or proved to be in the township of Pompton. -In the case of Rex v. Martley, Burr, sett, cases 120, an order of sessions was brought by certiorari into the Court of King's Bench, confirming an order of two justices for the removal of a pauper, his wife and children, to Martley. “ They were all strollers and vagrants, and had been so all their lives, and never gained a settlement anywhere, and the places of their births seemed very uncertain. However the sessions had not sufficiently stated the facts; they had stated only the evidence. The court therefore recommended it to the counsel on both sides to consent that it should go down again to be better stated. They supposed it to be the intention of the sessions to state the facts for the opinion of this court upon them. But this court could not judge of the place where the paupers were born.” Special' orders of sessions were considered, they said, in the nature of special verdicts; which are not to state the evidence of the fact, but the fact itself. In Rex v. Luffington, Bur. sett, cases, 232, where the marriage of a pauper was a matter of fact on which the question of settlement depended, the *269 special case stated that William Ilillyer “ was married by a person in a black coat and band, whom the said Mary Han-bury apprehended to be a clergyman, but has since been, informed that he was a layman.” The Court of King’s Bench said the case was very imperfectly stated. “ As to the person in a black coat and band, &c., it is only evidence of the circumstances of the first marriage, whereas the sessions should have determined whether the marriage was by a clergyman in holy orders or not.” In Rex v. Bray, Ibid. 682, the ground of settlement was an alleged hiring and service for a year. Lord Mansfield said, “Here the justices have not stated the fact of any hiring at all. They have only stated evidence. The court cannot draw conclusions from the evidence.” Justice Aston concurred with Lord Mansfield in thinking the case imperfectly and defectively stated; and it was sent back to the sessions to be restated. In Rex v. Clifton, Ibid 697, a case was twice sent to the sessions to be restated.
In the case before us, although defectively stated, there is, I *apprehend, no difficulty in seeing the opinion [*215 of the sessions as to the fact; that the place of birth was not, in their estimation, proved to he in Pompton, because no other evidence, the case says, of the settlement of the pauper or his parents was given. It would therefore result only in useless expense to send back the case. It ought to be if a reasonable doubt existed as to the opinion of the sessions. For the rule of law is clear and unquestionable. The place of birth is tho place of settlement until another be shewn.
Let the order of the sessions be affirmed.